STEPHAN, APPELLANT, *v.* STATE VETERINARY MEDICAL BOARD ET, APPELLEES.

Common Pleas Court, Hamilton County.

No. A-169441.   Decided February 5, 1960.

*Mr. Gordon Renner* and *Mr. Walter L. Tarr*, for appellant.

*Mr. Mark McElroy*, attorney general, and *Mr. James L. Neustadt*, assistant attorney general, for appellees.

HESS, J. This cause is submitted to the Court on an appeal from an order issued by the State Veterinary Medical Board to said appellant, purporting to suspend the license of appellant to practice medicine for a period of six months, commencing April 1, 1959 and terminating October 1, 1959. Said order of suspension was mailed to appellant on March 23, 1959, and was received by appellant on March 25, 1959.

The petition and notice in appeal were filed in this Court on April 1, 1959.

On January 12, 1960, the appellant filed by leave the following motion:

"Now comes the appellant and respectfully moves the Court for a judgment in the above entitled matter in favor of appellant and for an order directed to appellees reversing, vacating, and setting aside their order of March 20, 1959, suspending for six months the license of appellant to practice veterinary medicine for the reason that appellees have not complied with the provisions of Section 119.12, Revised Code, requiring appellees to file in this Court within ten days after receipt of notice of appeal a transcript of the proceedings in this case.

Attorneys for Appellant

"Section 119.12, Revised Code."

On January 18, 1960, the appellees filed the following motion together with what appears to be a transcript of the proceedings before the Ohio Veterinary Medical Board on March 18, 1959:

"Now comes the appellee and respectfully moves for leave of court to file instanter the complete record of proceedings in the March 18, 1959 hearing held in Room 720, Ohio Departments

Building, Columbus 15, Ohio, relative to the *Ohio Veterinary Medical Board* v. *Dr. Sol G. Stephan,* 2824 Vine Street, Cincinnati, Ohio, for the reason pursuant to the language of Section 119.12, Revised Code.

MARK McELROY
Attorney General of Ohio

James L. Neustadt
Assistant Attorney General
Attorneys for Appellee''

There was no leave of Court had before the filing of the purported transcript. On April 1, 1959, at the time of filing the notice and petition in appeal, an entry suspending the order issued by the Ohio Veterinary Medical Board pending appeal was signed by this Court.

The Court first will consider the motion of the appellees for leave to file instanter the record of the proceedings of March 18, 1959. This motion invokes consideration of Section 119.12, Revised Code, the pertinent part of which reads as follows:

''Within ten days, or within such period as is authorized by law, after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, Revised Code, the agency shall prepare and certify to the Court a complete record of the proceedings in the case. Such record *shall* be prepared and transcribed and the expense thereof shall be taxed as a part of the costs on the appeal * * *.'' (Emphasis added.)

It must be noted that the foregoing language says ''Within ten days, or within such period as is authorized by law,''; the statute does not say ''or within such period as is authorized by the court''; nor does it say ''or on demand of the Court or the adverse party.'' Omitting that portion of the above statute which is parenthetical, the language reads ''Within ten days * * * after receipt of notice of appeal * * * the agency *shall* prepare and certify to the Court a complete record of the proceedings in the case.'' This language is not permissive and it is not ambiguous. (Emphasis added.)

The appellees have failed to comply with the requirement of the statute. The order from which this appeal is taken is dated March 20, 1959, and was mailed to appellant on March

23, 1959. Appellant's Notice of Appeal was filed with the State Veterinary Medical Board on March 30, 1959, and copy of said notice and the receipt therefor are attached to the Petition in Appeal heretofore filed in this Court. On March 30, 1959, therefore, the ten-day period within which appellees were required by statute to file the record of proceedings began to run. It was not until January 18, 1960, more than nine and one-half months after their statutory period had expired, that appellees first asked this Court for leave to file instanter the record of proceedings.

The portion of Section 119.12, Revised Code, which determines the time within which the agency is required to "prepare and certify to the court a complete record of the proceedings" is a part of the sixth paragraph of Section 119.12, Revised Code. The fourth paragraph of the very same Section 119.12, Revised Code, determines the time within which a party desiring to appeal is required to file a notice of appeal. The fourth paragraph of Section 119.12, Revised Code, reads as follows:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notice of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

The language which fixes the time within which a party is required to file a notice of appeal is the same as the language which fixes the time within which an agency is required to file a transcript of the record, except only that the dates from which the time begins to run are different.

Courts have consistently held that where a statute sets the time within which an appeal *shall* be filed it is mandatory upon the appellant to file within the statutory period of time. If the appellant files one day late there is no question that his appeal should be dismissed for failure to comply with the statute. There simply is no review.

There is no reason why the agency should be permitted to file by leave while this privilege is denied to the appellant. To interpret the language of the statute as it relates to the agency

as being directory only would require reading into the statute words that the legislature expressly omitted.

The Administrative Procedure Act was enacted by the legislature in 1943 to provide protection to persons in their dealings with governmental agencies. To construe the requirements imposed by the act upon ordinary citizens as mandatory and those upon the agencies as directory only would obviously discriminate against the citizens and in favor of the agencies and be out of keeping with the purpose and spirit of the act and the clear intention of the legislature.·

It is generally recognized that in ordinary appeals from the Court of Common Pleas to the Court of Appeals the time allowed by statute for the filing of the transcript is honored in the breach rather than the observance. Such appeals, however, are governed by the Appellate Procedure Act (Chapter 2505, Revised Code), and not by the Administrative Procedure Act (Chapter 119, Revised Code). Section 2505.08, Revised Code, relating to the filing of transcripts under appellate procedure recites as follows:

"*Within ten days after filing a notice of appeal,* or the order allowing an appeal or a certified copy thereof, where permission to file the appeal is required, *the clerk* of the court from which the appeal is taken or a judge thereof, *shall* upon being paid the lawful fees and the filing of a praecipe therefor, *prepare and file* in the court to which the appeal is taken, *a transcript* of the docket or journal entries, with such original papers or transcripts as are necessary to exhibit the error complained of. The transcript of the testimony or bill of exceptions or so much thereof as may be necessary for said appeal may be filed within such time as is provided for in the rules of court. The cost of the production of the transcript of testimony or of the bill of exceptions shall be paid initially by the party perfecting the appeal, reimbursement therefor to be made in the assessment of the cost by the court. *If the transcript and papers are not filed within said time either party may apply to the court to which the appeal is taken to have the case docketed and the court shall order them filed.*" (Emphasis added.)

The non-observance of the ten-day rule for the filing of a transcript under appellate procedure is expressly provided for in the above Section 2505.08, Revised Code. The legislature

may be presumed to have known of this provision under appellate procedure. Had the legislature intended that similar lenience in the filing of a transcript be permitted under administrative procedure, it would have incorporated similar language in Section 119.12, Revised Code, of the Administrative Procedure Act. Such language is expressly omitted from Section 119.12, Revised Code, which governs procedure in this appeal. The intention of the legislature not to permit an extension of the ten-day provision in an appeal from an administrative agency is clear.

In the case of *Hart* v. *Board of Liquor Control*, 96 Ohio App., 128, 54 Ohio Opinions, 217, the appellant had failed to file a notice of appeal within the prescribed fifteen days and the court held that the provision was mandatory. In its opinion, however, the court expresses a view which has particular application to the facts in the instant case. The pertinent part of the opinion reads as follows:

"It is urged that the Liquor Control Act should be liberally construed. That is true where there is any basis for doubt as to its application. However, statutes fixing the time within which certain procedural steps shall be taken have been without exception strictly construed. Manifestly so, because there is no basis for varying a specific time provision of a statute."

The Court did not say "statutes fixing the time within which certain procedural steps shall be taken by the appellant," notwithstanding in that case it was the appellant who had failed to comply. The only possible interpretation of the words of the Court is that statutory time provisions shall be strictly construed and apply with equal force upon the appellant and the appellee.

In the memorandum filed by counsel for appellees, 37 Ohio Jurisprudence 33, Section 37, is cited (page 2). This section reads as follows:

"There are a great many statutes in which the time is fixed for doing stipulated things and in which time is of the essence of the matter; and, in such event, the statute must be considered to be mandatory, and the act cannot be performed at any other time. On the other hand, there are many statutes where the time designated is not of the essence of the matter;

and in such instances, the provisions are directory merely—at least where the rights of no person or class of persons would be prejudiced by the delay.''

Can it be said that it is not of the essence and no person or class of persons will be prejudiced if appellees file their record of proceedings within ten months instead of the ten days required by law *but* it is of the essence and some person or persons would be prejudiced if the appellant filed his appeal within sixteen days instead of the fifteen days required by law? Where there are two time limits prescribed in a single statute relating to procedure, one limit relating to a person who has appeared before an agency and the other to the agency itself, a single interpretation of their mandatory nature should govern both.

Counsel for appellees in their memorandum consider at length the significance of new language placed in a part of Section 119.12 Revised Code (bottom of page three and top of page four of memorandum). The amended law became effective November 4, 1959, and does not govern the instant case. The portion of the section quoted in their memorandum is as follows:

''Within *twenty* * * * days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. *Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed ten days, when it is shown that the agency has made substantial effort to comply.*'' (The emphasized words constitute new language, and the asterisks denote a deletion, enacted by the legislature by amendment in 1959, effective, as stated above, November 4, 1959.)

The above amended section consists of three sentences. Although it is not applicable to the instant case, it might be well to discuss it to show that time limitations on appeals are still important considerations.

It will be noted that in the first sentence there is just *one* new word and *one* deletion. The deletion, as reference to the

language of the statute immediately preceding this amendment will show, is just one word: "ten." The word "twenty" is substituted for the word "ten." In other words, under the new law the agency has twenty days in which to file its record of proceedings instead of ten. This is *the* sentence which fixes the time. limit within which the agency is required to certify the record to the Court. How can the extension of this time limit from ten days to twenty days change the time. limit from being directory only to become suddenly mandatory? And yet counsel for appellees state in their memorandum (top page 4) "It is obvious that the 103rd General Assembly deemed it necessary to change the directory language of Section 119.12, *supra,* Revised Code, by legislating mandatory procedure and additional authority to the Courts of Common Pleas, which is clearly expressed in part by the mandatory provisions of Amended Section 119.12, *supra,* Revised Code." The only change made by the 103rd General Assembly which affects the time limit within which an agency is required to file its record is to extend the time from ten days to twenty days. If the time allowed under the present statute is mandatory, it was mandatory under the old statute.

The second sentence of the above-quoted portion of the new statute is entirely new. This sentence reads as follows: "Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected." After the enactment of the Administrative Procedure Act in 1943 the failure of agencies to comply with the requirement of the filing of a record in accordance with law, after the filing of a notice of appeal, was notorious. The question before the legislature was how to require effectively that agencies abide by the law. It would obviously have been facetious, and ineffective, for the legislature to have added after the first. sentence above quoted "And the legislature really means ten days is ten days." The legislature always intended these ten days to mean ten days. Counsel for appellees could not be farther from the truth than when they say, as they do at the end of the first paragraph of page 4 of their memorandum, "it (the 1959 amendment) further substantiates the evident intent of the legislature that the time for

certifying a record to a court of common pleas pursuant to Section 119.12, *supra*, Revised Code, was directory only.'' The amendment simply gives a stick to compel the agency to file within the time prescribed by law or, in the alternative, to be out in the cold, just as the appellant would be if he failed to file within the time prescribed by law. Surely the language of the second sentence of this quotation from the statute does not affect the mandatory or directory nature of the first sentence. Can it be said that the first sentence is mandatory upon the agency if appellant files a motion, as provided in the second sentence, but is directory only if he fails to file such a motion? Such an interpretation fails to take into account the obvious intention of the legislature.

The third sentence of the above quotation of the statute has been lightly passed over in the memorandum of counsel for appellees. It is entirely new language enacted in 1959 but indicates the intention of the legislature. It reads as follows:

''Additional time, however, may be granted by the court, not to exceed ten days, when it is shown that the agency has made substantial effort to comply.''

Obviously, the legislature intended that some lenience (ten days) be allowed to an agency for compliance with the mandatory statute (if directory only, why a ten-day grace period?) but only ''when it is shown that the agency has made substantial effort to comply.''

Counsel for appellees have gone to some extremes to prove that the 1959 amendment to the Administrative Procedure Act buttresses their case. The reverse is true. It defeats their argument and proves that these amendments were intended further to protect the public rather than the agency.

It follows the motion by the appellees for leave to file instanter the transcript of the record of the proceedings before the Ohio Veterinary Medical Board should be and is overruled.

The Court now comes to the consideration of the motion of the appellant for judgment in his favor.

On April 1, 1959, this Court granted a stay of execution of the order of the appellees pending determination of the appeal proceedings instituted by the appellant.

Having found the appellees are not entitled to file by leave

the transcript of the proceedings had before the Ohio Veterinary Medical Board on March 12, 1959; and that the filing of such transcript without leave of the court on January 18, 1960 is a nullity, it follows there is nothing before the Court upon which it could sustain, modify or change the order issued by the appellees.

It further follows that since the appellees herein have failed to comply with the statutes governing the appeal proceedings herein, the temporary order restraining the appellees from executing their order of suspension of the appellant should be and is made permanent.

Entries may be presented in accordance with the opinions expressed herein.